UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

HERBERT LOWERY, JR.,
        Appellant,

                v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
CH-0752-14-0839-I-1

DATE: June 22, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Eli J. Turner</u>, Lewis Center, Ohio, for the appellant.

<u>Keyur S. Shah</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as settled. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. However, we MODIFY the initial decision to clarify that the appellant established Board jurisdiction over his appeal. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

¶2　　The appellant was a preference-eligible Mail Processing Clerk for the agency. Initial Appeal File (IAF), Tab 7 at 14. He suffered a compensable injury on May 15, 2011, and was placed on the Office of Workers' Compensation Programs (OWCP) wage compensation rolls. *Id*. at 30, 32. On July 15, 2013, the agency offered the appellant a 4-hour per day limited duty assignment as Lobby Director. *Id*. at 42-43. The appellant refused the assignment on the basis that it was outside his medical restrictions, but on September 12, 2013, OWCP ruled that the assignment was suitable. *Id*. at 39-41, 43. Nevertheless, the appellant still refused to report for duty. *Id*. at 38. The appellant's absence from duty continued through the following months—first in a leave without pay status, and then, beginning May 1, 2014, in an absence without leave (AWOL) status. *Id*. at 22, 25, 28. Finally, on August 10, 2014, the agency removed the appellant on a charge of "unsatisfactory attendance" based on 132 hours of AWOL. *Id*. at 15-16.

¶3　　The appellant appealed his removal to the Board, and the parties entered into a written settlement agreement. IAF, Tabs 1, 11. The agreement provided, among other things, that the appellant would withdraw his Board appeal and

accept a 6-hour per day limited duty Lobby Assistant assignment in exchange for the agency rescinding his removal.[2] IAF, Tab 11 at 4-5, 10-11. The administrative judge issued an initial decision dismissing the appeal and entering the settlement agreement into the record for enforcement purposes. IAF, Tab 12, Initial Decision (ID).

¶4 The appellant has filed a petition for review, arguing that the settlement agreement was invalid. Petition for Review (PFR) File, Tab 1. He argues that the agreement was unlawful and was the product of misrepresentation and coercion. *Id*. at 1-2. He also argues that, after his return to duty pursuant to the settlement agreement, the agency denied him some reasonable accommodations, which caused him to sustain additional injuries. *Id*. at 2. The appellant has attached some documentary evidence in support of his arguments. *Id*. at 3-17. The agency has filed a response in opposition, also with supporting documentary evidence. PFR File, Tab 3.

¶5 As an initial matter, we note that the administrative judge did not explicitly find jurisdiction over the appeal before she entered the settlement agreement into the record for enforcement purposes. *Cf. Cimilluca v. Department of Defense*, 77 M.S.P.R. 256, 258 (1998) (before accepting the settlement agreement into the record for enforcement purposes, the administrative judge must determine that the Board has jurisdiction over the underlying action). We modify the initial decision to clarify that the appellant was an "employee" under 5 U.S.C. § 7511(a)(1)(B)(ii) at the time of his removal, and that Board had jurisdiction over his appeal under 5 U.S.C. § 7513(d).

¶6 We also note that the Board normally will not consider evidence filed for the first time on review absent a showing that it was unavailable before the record

---

[2] The agreement also provided that the appellant would withdraw a pending grievance and a pending equal employment opportunity complaint. IAF, Tab 11 at 5, 13. The duties and physical requirements of the Lobby Assistant assignment were substantially similar to those of the Lobby Director assignment. IAF, Tab 7 at 43, Tab 11 at 10-11.

was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). However, the validity of the settlement agreement was not at issue below, so regardless of whether the parties' newly-filed evidence was previously unavailable, we have considered it to the extent that it pertains to that issue.

¶7    A settlement agreement is a contract between the parties and may be set aside or voided only on certain limited grounds, including that it was unlawful, and that it was the product of fraud, coercion, or mutual mistake. *Guinn v. Department of Labor*, 91 M.S.P.R. 144, 146 (2002); *Henson v. Department of the Treasury*, 86 M.S.P.R. 221, 223 (2000). The party challenging the validity of a settlement agreement bears a heavy burden of showing a basis for invalidating the agreement. *Guinn*, 91 M.S.P.R. at 146.

¶8    Although the appellant asserts that the settlement agreement was unlawful, PFR File, Tab 1 at 1, he has not explained how the formation or performance of the agreement would be criminal, tortious, or contrary to public policy, *c.f.* Restatement (First) of Contracts § 512 (1932) (definition of "illegal bargain"). We have reviewed the settlement agreement and we agree with the administrative judge that it is lawful. IAF, Tab 11; ID at 2.

¶9    We likewise see no basis to determine that the settlement agreement is invalid because of fraud. Although the appellant asserts that he was "misled" into signing the agreement, he has not alleged that the agency knowingly concealed a material fact or intentionally misled him. *See Wofford v. Department of Justice*, 115 M.S.P.R. 468, ¶ 8 (2010).

¶10    We also have considered the appellant's allegation that he was coerced into signing the agreement by both the agency representative and his own representative. The appellant alleges that he was susceptible to pressure because he was inexperienced with the settlement process and he was undergoing mental health counseling and chronic pain rehabilitation at the time. PFR File, Tab 1 at 1. He further alleges that he personally had no involvement in the settlement

discussion, and that he had a "take-it-or-leave-it" settlement proposal thrust upon him the day before the scheduled December 23, 2014 conference call. *Id*. at 1-2. The appellant also alleges that the agency representative was hostile and condescending, and that his own representative refused to clarify the appellant's need for accommodations and restrictions on the record before the Board after the appellant signed the agreement. *Id*. at 1.

¶11   We understand that the appellant was undergoing a difficult time when he decided to settle his Board appeal, and that he felt that the agency representative made things more unpleasant than necessary. However, the record does not support the appellant's assertion that he was surprised with a settlement offer at the last minute. *Cf. Short v. U.S. Postal Service*, [66 M.S.P.R. 214](#), 220 (1995) (the appellant who claimed, among other things, that the settlement agreement was procured under time pressure, made a nonfrivolous allegation that the agreement was involuntary). First, we find no indication in the record below that there was any sort of conference call scheduled for December 23, 2014, and that, even if there was, the appellant has not explained why he believed that this was the last day for him to make a decision. Second, the record shows that the agency had discussed substantially the same settlement with the appellant's representative on November 13 and November 20, 2014, and that the appellant's representative discussed the matter with the appellant. PFR File, Tab 3 at 19-20. The record also shows that the appellant tentatively agreed to the offer on December 1, 2014, and that the agency emailed both the appellant and his representative copies of the final agreement on December 18, 2014. *Id*. at 30. Under these circumstances, we find that the appellant was not personally excluded from settlement negotiations nor was he subjected to time pressure in making his decision. We further find that the disagreement between the appellant and his representative as to how to proceed after the settlement was executed could not have operated on the appellant's decision to execute the settlement in the first place.

¶12     Regarding the agency's alleged failure to accommodate the appellant after his return to work, we likewise find that this is not a basis for setting aside the settlement agreement.  PFR File, Tab 1 at 1-2.  Nor does it appear that any of the appellant's allegations provide a basis for finding that the agency breached the agreement.  Nevertheless, to the extent that the appellant believes that the agency breached the settlement agreement, he may file a petition for enforcement with the regional office in accordance with the procedures of 5 C.F.R. Part 1201, Subpart F (5 C.F.R. §§ 1201.181-.183).  The initial decision did not contain notice of how to file a petition for enforcement.  We therefore include the proper notice below.

## ENFORCEMENT

The settlement agreement has been made part of the record.  If you believe there has not been full compliance with the terms of the agreement, you may ask the Board to enforce the agreement by filing a petition for enforcement with the Central Regional Office.

Your petition for enforcement must describe specifically the reasons why you believe there is noncompliance. It must include the date and results of any communications regarding compliance, and a statement showing that a copy of the petition was either mailed or hand-delivered to the agency.

Any petition for enforcement must be filed within a reasonable period of time after you discover the asserted noncompliance.  If you believe that your petition is filed late, you should include a statement and evidence showing good cause for the delay and a request for an extension of time for filing.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this

final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.